Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3109 | **DATE** | June 1, 2011 |
| **CASE TITLE** | Ernest L. Brown (M-19812) v. Target Outlet Store, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. The court assesses an initial partial filing fee of $10.00. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. Plaintiff's complaint, however, is dismissed without prejudice to Plaintiff seeking to raise his claim in state court. The case in this court is closed. The court does not issue a strike pursuant to 28 U.S.C. § 1915(g) for its dismissal of this case.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Ernest L. Brown, an inmate at the Western Illinois Correctional Center, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He names as Defendants Target Outlet Store and two of its security officers, whose names Plaintiff does not know. He alleges that on December 28, 2010, the security officers used excessive force against Plaintiff when apprehending him upon the belief that he was shoplifting. Plaintiff states that the security officers broke both his wrist and jaw.

The court finds that Plaintiff is unable to prepay the filing fee and grants his motion to proceed *in forma pauperis*. The court assesses an initial partial filing fee of $10.00. The inmate trust account officer at the Western Illinois Correctional Center is authorized to deduct, when funds are available, the partial filing fee from Plaintiff's trust fund account and forward it to clerk of court. After payment of the initial filing fee, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and officials at the Western Illinois prison shall notify transferee authorities of Plaintiff's obligation and any outstanding balance if Plaintiff is transferred.

Although Plaintiff may proceed *in forma pauperis*, preliminary review of his complaint reveals that it fails to state a claim actionable in federal court. *See* 28 U.S.C. § 1915A (the court is required to conduct a preliminary review of an inmate's complaint and dismiss the complaint, or any claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

**(CONTINUED)**

isk

## STATEMENT

Plaintiff alleges that department store security officers used excessive force against him. The use of excessive force by a private individual, however, does not state a claim in federal court. To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a defendant must have both acted under color of state law, i.e., be a state actor, and must have violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). In this case, Plaintiff is not suing a state officer, but instead, a private individual. Department store security personnel are not considered state actors. *See Wade v. Byles*, 83 F.3d 902, 905-906 (7th Cir.1996). Private individuals are not liable under § 1983 unless they conspire with a state actor. *Hughes v. Meyer,* 880 F.2d 967, 972 (7th Cir. 1989). Plaintiff's claim of violence by the department store security officers thus does not give rise to a civil rights claim under § 1983.

Apart from § 1983, this court may address Plaintiff claim only if the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Under § 1332(a), federal jurisdiction exists to hear state claims where the plaintiff is diverse (resides in a different state) from each defendant and the amount in controversy exceeds $75,000. Plaintiff's complaint does not indicate that he and the defendants reside in different states. Diversity jurisdiction thus does not exist to allow this court to hear Plaintiff's claims.

For these reasons, even assuming that Plaintiff's allegations are true, he has not stated a claim actionable in federal court. He may be able to file his claims in state court, but his complaint cannot proceed here.

Accordingly, the court dismisses Plaintiff's complaint. Plaintiff's case is terminated. Because it appears that Plaintiff simply filed this case in the wrong court, the dismissal by this court shall not count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks leave to proceed *in forma pauperis* on appeal, his motion should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). The court advises Plaintiff that, if he chooses to appeal, he will be responsible for paying the $455 appellate filing fee, irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections,* 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may accumulate a strike under 28 U.S.C. §1915(g). The accumulation of three strikes under § 1915(g) prevents the filing an action in federal court without prepayment of the filing fee unless the inmate is in imminent danger of serious physical harm. *See* § 1915(g).